IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KRISTOPHER KING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0550-W-HFS |
| TECHTRONIC INDUSTRIES CO., LTD., | ) | |
| TECHTRONIC INDUSTRIES NORTH | ) | |
| AMERICA, INC., ONE WORLD | ) | |
| TECHNOLOGIES, INC., RYOBI | ) | |
| TECHNOLOGIES, INC., and HOME | ) | |
| DEPOT U.S.A., INC. | ) | |
| Defendants. | ) | |

**ORDER**

Before the court is plaintiff's motion to reinstate The Home Depot "THD" as a defendant in this personal injury matter. Plaintiff now comes forth with documents demonstrating that service has been effected, and seeks reinstatement of THD as a defendant in this matter. THD opposes the instant motion on the grounds that plaintiff failed to show good cause for the untimely service and undue prejudice.

Factual and Procedural Background

Plaintiff claims that in the course of his employment he was injured on March 16, 2005, while using a table saw.[1] (Complaint: ¶ 29). Plaintiff commenced this action on July 20, 2009, against THD, One World Technologies, Inc., Ryobi Technologies, Inc., Techtronic Industries Co.,

---

[1] Plaintiff claimed that the saw was designed, manufactured, sold, and distributed by defendants TTI, One World, and Ryobi, and sold and distributed by defendant THD. (Complaint: ¶ 1).

Ltd. "TTI" (a foreign corporation), and Techtronic Industries North America, Inc. Summonses were issued as to all defendants on October 14, 2009, and answers were filed by defendants One World Technologies, Ryobi Technologies, and Techtronic Industries "the served defendants" on December 18, 2009 (doc. 11). By order dated June 18, 2010, the presiding magistrate judge noted that the matter had thus far failed to proceed in a timely manner due to the failure to secure the consent of defendants Home Depot and TTI and reassigned the case for further proceedings.

Upon reassignment to the undersigned, I noted that although plaintiff and the served defendants recently filed a joint proposed scheduling order, there was no evidence of service on THD and TTI. On June 21, 2010, an order issued directing plaintiff to show cause why the claims asserted against THD and TTI should not be dismissed for failure to prosecute (doc. 16). On July 6, 2010, plaintiff's counsel filed a response stating that good cause existed to avoid dismissal of the claims asserted against THD and TTI (doc. 17). According to counsel, a Notice of Lawsuit and Request for Waiver of Service of Summons was sent to THD and TTI at the outset of the action, but neither defendant responded. (Response to Show Cause: pg. 2). Counsel submitted a copy of the Notice of Waiver sent to THD on October 19, 2009, but there is no evidence of a copy of the Notice of Waiver purportedly sent to TTI. (Id: Exh. A). Counsel also states that he has filed numerous cases against table saw manufacturers including THD and TTI, and in each prior instance the Notice of Waiver has been duly executed by THD. (Id: pg. 2). Consequently, counsel assumed the Notice of Waiver sent in the present case had likewise been duly executed by THD, and was not aware of the contrary until receipt of the June 18, 2010, reassignment order. At which time, he states that process was served on THD on June 24, 2010. (Id); however, counsel did not provide and the docket sheet did not evidence return of this service. As to defendant TTI, counsel admits that the delay in service was due in part to his mistaken belief that the complaint had to be translated into Cantonese before

being served on TTI. (Id). Upon learning that translation was not necessary, counsel then attempted service on TTI pursuant to the Hague Convention, and all relevant documents were sent to the Central Authority in Hong Kong on June 29, 2010. (Id: pg. 3; Exh. B). Counsel stated his belief that service on TTI would be accomplished within thirty days. (Id: pg. 7). After several additional months of inactivity in this case I noted that there was no evidence of service on THD between the initial attempt in October of 2009, through the present, and nothing more was reported about service on TTI since the July mailing; thus, by order dated November 15, 2010, THD and TTI were dismissed from the action without prejudice to reinstatement upon an adequate showing that service was effected in a timely manner.

Plaintiff's counsel now seeks reinstatement of THD as a defendant in this matter and concedes that he "regretfully" failed to electronically file the proof of service on THD dated June 24, 2010, in his response to the June 21, 2010 Show Cause Order. THD opposes its reinstatement in this action because plaintiff has failed to show good cause for the untimely service.[2] THD also argues that the June 24th service was ineffective because the documents were served on an individual named Kaiti Kosbou who is not an officer, managing or general agent, or any other agent authorized to receive service of process on its behalf. (Suggestions in Opposition: pg. 3-5). THD contends that it has no record of Ms. Kosbou's employment in any capacity, and has never received a Waiver of Service. In reply, plaintiff claims that it should not be held accountable for the process server's error in serving an individual not authorized to accept service, and has submitted a copy of service

---

[2]THD also makes clear that its limited appearance is solely in response to plaintiff's motion. (Suggestions in Opposition: pg. 1, n. 1). Thus, it does not waive any of its defenses, responses, objections, or motions in response to the claims asserted against it, when and if it is properly served.

effected on December 23, 2010, on THD employee, Quinessa Malcolm.[3]

Discussion

"A district court has the power to dismiss a case for failure to comply with its rules." Colasante v. Wells Fargo Corp. Inc., 211 F.R.D. 555, 558 (S.D.Iowa 2002); quoting, Marshall v. Warwick, 155 F.3d 1027, 1030 (8th Cir. 1998). Fed.R.Civ.P. 4(m) sets out the prescribed time (within 120 days of filing the complaint) in which a plaintiff must serve the defendant, and if not, upon motion or on its own initiative after notice to the plaintiff, the court shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. Colasante, at 558. If the plaintiff can show good cause for not timely serving the defendant, Rule 4(m) requires that the court allow additional time for plaintiff to effect service. Id.

Good cause has not been definitively defined. In Kurka v. Iowa County, Iowa, 2010 WL 5093624 * 3 (8th Cir), the court held that "[a] showing of good cause requires at least 'excusable neglect' - good faith and some reasonable basis for noncompliance with the rules." Id (citation omitted). The court reasoned that good cause could, but not necessarily, be found when (1) the plaintiff's failure to complete service in a timely fashion is the result of the conduct of a third person, typically the process server, (2) the defendant has evaded service of the process or engaged in misleading conduct, (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or (4) the plaintiff is proceeding pro se or in forma pauperis. Id. The Colasante court however, noted that neither "reliance upon a third party or process server" nor "half-hearted efforts by counsel to effect service" constitute good cause. Colasante, at

---

[3]Plaintiff also attached an affidavit from Marc Allard, president of Atlanta Legal Services, Inc., who averred that their standard practice was to have a security guard at THD's headquarters call the legal department and send a representative, usually Ms. Malcolm, down to accept service. (Reply Brief: Affidavit, ¶ 5). On June 24, 2010, apparently Ms. Malcolm was unavailable and Ms. Kosbou accepted service, as has occurred in the past. (Id: ¶ 6).

559; citing, Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1307(3rd Cir. 1995).

The instant record indicates that plaintiff filed the complaint on July 20, 2009, which required that service be effected on or before November 17, 2009. Although waivers of notice were timely sent, i.e. October 19, 2009, plaintiff's counsel admits he did not confirm execution of the waivers. As a result, counsel did not realize the notices were not executed until almost a year after filing the complaint. This is insufficient to demonstrate good cause.

Nevertheless, even in the absence of good cause courts have discretionary authority to extend the time for effective service if the plaintiff can establish excusable neglect. Kurka, at *3; Colasante, at 559. A generous reading given to the term excusable neglect includes late filings due to inadvertence, mistake, carelessness, or intervening circumstances beyond the party's control. Colasante, at 559; citing, Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993). Courts have found that the determination of excusable neglect is ultimately an equitable one, made by considering "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith." Colasante, at 559; quoting, Pioneer, at 395.[4]

Here, plaintiff's counsel concedes that he did not serve THD within the required time permitted under Rule 4 due to a mistaken assumption that THD executed the notice of waiver. Counsel claims he remained unaware that THD did not return the notice of waiver until the reassignment order of June 18, 2010. Counsel also claims that the ineffective service of June 24, 2010, on an individual who lacked authority to accept service on behalf of THD, is an error on the

---

[4]The Colasante court noted that although the standard set for excusable neglect in Pioneer involved a bankruptcy proceeding, it has been extended. Id, at 559 n. 3.

part of the process server. And, counsel states that upon learning of the error, THD was effectively served on December 23, 2010. While these circumstances fail to demonstrate good cause for failing to timely serve THD, they sufficiently demonstrate mistake and carelessness as to constitute excusable neglect. In balancing the equities, there is no dispute that entry of THD in this action has been delayed, yet there has not been a significant impact on the judicial proceedings - other than a potential impediment to the progression of plaintiff's case. THD correctly argues that plaintiff has not shown good cause, but its claim of undue prejudice is unpersuasive. Plaintiff states and THD does not dispute that a significant number of cases are presently pending against it, as well as several other cases that have been brought to judgment, settled, or voluntarily dismissed. Thus, THD has not been caught by surprise regarding the issues and claims asserted in this case. Additionally, any discovery conducted thus far appears to be minimal, and the scheduling order indicates that the discovery period does not close for several months. It also appears that counsel for the served defendants will also represent THD. In view of these circumstances, any prejudice that might occur from reinstatement of THD as a defendant in this case is minimal, at best.

Accordingly, it is hereby

ORDERED that plaintiff's motion to reinstate The Home Depot as a named defendant in this action[5] (ECF doc. 25) is GRANTED. The docket sheet shall be modified accordingly.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

January  18 , 2011

Kansas City, Missouri

---

[5] Although the docket sheet indicates that TTI was served on December 28, 2010, plaintiff has not sought to have this entity reinstated as a defendant in this matter.